The document below is hereby signed.

Signed: August 04, 2010.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| KARLA V. TURCIOS, | ) | Case No. 08-00447 |
| | ) | (Chapter 7) |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| JOSE AYALA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Proc. No. 08-10029 |
| | ) | |
| KARLA V. TURCIOS, | ) | **Not for Publication in** |
| | ) | **West's Bankruptcy Reporter** |
| Defendant. | ) | |

MEMORANDUM DECISION AND ORDER DENYING MOTION
FOR ORDER GRANTING DEFENDANT'S MOTION TO
DISMISS AND DISMISSING THE COMPLAINT WITH PREJUDICE
<u>AND SETTING HEARING ON MOTION TO VACATE DEFAULT JUDGMENT</u>

This addresses the defendant's Motion for Order Granting Defendant's Motion to Dismiss and Dismissing the Complaint with Prejudice (Dkt. No. 48). For the reasons that follow, I will deny the motion.

On June 30, 2008, the defendant in the above-captioned adversary proceeding commenced a case under Chapter 7 of the Bankruptcy Code. Thereafter, on October 18, 2008, the plaintiff,

Jose Ayala, commenced this adversary proceeding seeking to have judgment entered against the defendant in Ayala's favor declared non-dischargeable under §§ 523(a)(2), (a)(4), and (a)(6) of the Bankruptcy Code.  After Turcios failed to file an answer to the complaint, I entered a default judgment in favor of the plaintiff on October 14, 2009.  Turcios then filed a praecipe asking the court to reconsider the default judgment, which I elected to treat as a motion to set aside under Rule 60(b).  In response to Turcios's praecipe, I directed that by January 19, 2010, she either file a verified answer or show cause why I ought not deny her request to set aside the default judgment.  The purpose of requiring a verified answer was to ascertain whether Turcios had a meritorious defense, one of the issues pertinent to a motion to vacate a default judgment.  Turcious then moved the court for appointment of pro bono counsel, which I granted in an order dated March 15, 2010.  On March 26, 2010, Turcios filed an answer and motion to dismiss.  In an accompanying motion, she sought to file the motion to dismiss out of time (*i.e.*, after the January 19, 2010, deadline), contending that the motion to dismiss showed cause why the default judgment should be vacated because it allegedly demonstrated that the complaint had failed to state a claim upon which relief could be granted.  I granted the motion to late-file the motion to dismiss, but did not set the motion to vacate the default judgment for a hearing.

On April 21, 2010, Ayala filed a motion to extend the time to respond to the motion to dismiss.  Prior to ruling on Ayala's motion to extend, Turcios filed a motion for an order to show cause why the complaint should not be dismissed.  On June 8, 2010, I granted Ayala's motion to extend the time to respond to Turcios' motion to dismiss and entered an order to show cause why the case ought not be dismissed if Ayala failed to respond to Turcios' motion to dismiss within 14 days of the entry of that order.  After Ayala failed to timely respond to the order to show cause, Turcios filed the motion addressed by this decision, moving the court for an order granting her motion to dismiss and to make the dismissal with prejudice.  Ayala filed in opposition to the motion and Turcios filed a reply.

Through what appears to be a comedy of errors, this case has proceeded since the defendant filed her motion to dismiss as though the court had granted the defendant's motion to vacate the default judgment.  In fact, however, that motion remains unresolved.  My December 29, 2009 Order to File Verified Answer or Show Cause did not reach the merits of the defendant's motion to vacate the default judgment.  Rather, that order merely directed the defendant to file a verified answer (meaning a proposed verified answer) to accompany the motion to vacate so that the court could evaluate whether Turcios had a valid defense, an issue pertinent to the motion to vacate the default

judgment.  When the defendant thereafter responded to the Order to File Verified Answer or Show Cause by requesting leave to file her motion to dismiss out of time and the court granted the motion, both the court and the parties, it appears, began operating under the assumption that the default judgment was vacated and that the court was proceeding as though the motion to dismiss was the current matter before the court.  In actuality, though, the motion to dismiss will not be ripe or necessary, for that matter, until the court rules on the motion to vacate the default judgment.  And, necessarily, only if the court rules favorably on the defendant's motion to vacate the default judgment will the plaintiff be required to file an opposition to the motion to dismiss.

The motion to dismiss (Dkt. No. 36) remains pertinent as a supplement to the motion to vacate the default judgment (as it is evidence of what defenses Turcios would raise if permitted to defend against the complaint), but unless and until the motion to vacate the default judgment is granted, it is not a motion to which Ayala is required to respond.  Accordingly, the defendant's Motion for Order Granting Defendant's Motion to Dismiss and Dismissing the Complaint with Prejudice (Dkt. No. 48) is premature and must be denied.  It is thus

ORDERED that the defendant's Motion for Order Granting Motion to Dismiss and Dismissing the Complaint with Prejudice

4

(Dkt. No. 48) is DENIED.  It is further

ORDERED that on September 14, 2010, at 10:30 a.m. the court will hold a hearing on the defendant's motion (Dkt. No. 27) to vacate the default judgment, as supplemented by the motion to dismiss (Dkt. No. 36) that would be pursued if the motion to vacate were granted, and as supplemented by the answer (Dkt. No. 38) that would be pursued if the motion to dismiss were allowed to be pursued but were to be denied.  It is further

ORDERED that by August 23, 2010, the defendant Turcios may file a supplement to her motion to vacate, setting forth grounds cognizable under Rule 60(b) for vacating the default judgment. It is further

ORDERED that by September 9, 2010, the plaintiff Ayala may file a response to any supplement to the defendant Turcios' motion to vacate the default judgment that the defendant Turcios files or may instead elect to appear at the September 14, 2010 hearing and oppose the motion at that time.

[Signed and dated above.]

Copies to: All counsel of record; Office of United States Trustee.

5